## Ex Parte George White.

### No. 1543. Decided June 25, 1898.

**1. Extradition Warrant for Arrest of Fugitive.**

Where the extradition warrant issued by the Governor for the arrest of a fugitive from another State recited that it was based upon "a complaint," and objection was made to the warrant that it was not based upon either an affidavit or an indictment, Held, "a complaint" is an "affidavit," and the warrant was sufficient.

**2. Same—Presumptions—Burden of Proof.**

It is a presumption that a warrant for extradition is rightfully and not improperly issued, and the burden is on the relator to show that it was not legally issued.

**3. Same—Evidence.**

Where, on a habeas corpus proceeding for the release of a fugitive arrested under an extradition warrant, it was made to appear that the requisition made upon the Governor and his warrant for extradition were both in proper form, it was harmless error, if error, for the State to introduce in evidence the certified copies of the requisition and papers pertaining thereto which tended to show a strict compliance with the law.

Appeal from the Criminal District Court of Galveston. Tried below before Hon. E. D. Cavin.

Appeal from a judgment on a habeas corpus proceeding, remanding relator to the custody of the sheriff and an extradition agent.

No statement required.

*Spencer & Kincaid,* for relator.—A copy of an indictment found or an affidavit made before a magistrate, charging the accused with having committed the crime specified, and certified to be authentic by the Governor of the demanding State, is a necessary prerequisite to the issuance of the warrant of extradition; and a warrant annexed to the return of a writ of habeas corpus reciting that the alleged fugitive stands charged by complaint with the crime therein set forth, is insufficient as a justification for his arrest and surrender, because the term complaint is not necessarily or presumably equivalent to affidavit within the meaning of the Act of Congress. Rev. Stats. U. S., sec. 5278; State v. Richardson, 24 N. W. Rep., 354.

A warrant of removal under extradition process issued by the Governor of the State of Texas must upon its face show, by recital at least, that it was issued upon a requisition from the demanding State, accompanied by a copy of an indictment found or an affidavit made charging

the alleged fugitive with having committed a crime; that is to say, the warrant must be valid upon its face, and while a formal defect in it might be cured by papers which accompany it, and were attached to it, and to which it referred, it can not be supported when invalid upon its face, and by its own recitations, by the production of copies of papers which were not attached to it, and which constitute and form no part of it, and when a citizen is arrested upon a warrant of removal void upon its face, he is entitled to his immediate discharge. Ex Parte Thornton, 9 Texas, 635; Alford v. State, 8 Texas Crim. App., 562.

The court erred in overruling relator's fourth demurrer, said demurrer being as follows: "Because it does not appear that the requisition of the Governor of Kansas on the Governor of Texas was accompanied by a copy of an indictment found or an affidavit made before a magistrate of the State of Kansas, certified by the Governor of Kansas to be authentic, charging the relator with having committed treason, felony, or other crime in the State of Kansas." Ex Parte Hart, 63 Fed. Rep., 249; Ex Parte Smith, Fed. Cases, No. 12,968; Ex Parte Roland, 35 Texas Crim. App., 108; Ex Parte Thornton, 9 Texas, 635.

The Act of Congress requires that a requisition be based upon a copy of either an indictment found or an affidavit made, certified by the Governor of the demanding State to be authentic, and a requisition can not be issued upon the original paper, whether it be an indictment or an affidavit.

The relator further objected to the copy of the requisition, because it does not purport to be based upon a copy of an indictment found or an affidavit made, nor upon a copy of any paper, but purports to be based upon a "complaint," and the Governor of Kansas would not be authorized to issue a requisition based upon a complaint, and if he should be held authorized to issue a requisition based upon a complaint, then it would have to be based upon a copy of such complaint, certified by him to be authentic, and not upon the original complaint. The court overruled the objection and admitted in evidence the copy of the requisition, and the relator excepted.

*W. W. Walling* and *Mann Trice*, Assistant Attorney-General, for respondent.

HURT, PRESIDING JUDGE.—The Governor of this State issued the following warrant for the arrest of the relator, to be delivered to one C. W. Simmons, as agent appointed by the Governor of Kansas, to be taken to the State of Kansas, and there tried for forgery: "The State of Texas. To All and Singular the Sheriffs, Constables, and Other Civil Officers of Said State: Whereas, it has been made known to me by the Governor of the State of Kansas that George White stands charged by complaint before the proper authorities with the crime of forgery committed in said State, and that the said defendant has taken refuge in the State of Texas; and whereas, the said Governor, in pursuance of the Constitution

and laws of the United States, has demanded of me that I cause the said fugitive to be arrested and delivered to C. W. Simmons, who is, as is satisfactorily shown, duly authorized to receive him into custody and convey him back to said State; and whereas, said demand is accompanied by a copy of said complaint duly certified as authentic by the Governor of said State: Now, therefore, I, C. A. Culberson, Governor of Texas, by virtue of the authority vested in me by the Constitution and laws of this State and of the United States, do issue this, my warrant, commanding all sheriffs, constables, and other civil officers of this State, to arrest, and aid and assist in arresting, said fugitive, and to deliver him, when arrested, to the said agent, in order that he may be taken back to said State to be dealt with for said crime. In testimony whereof, I have hereto signed my name, and have caused the seal of State to be hereon impressed, at Austin, Texas, this 14th day of May, A. D. 1898. C. A. Culberson, Governor. By the Governor: Jno. H. Cullom, Acting Secretary of State." [Seal of State of Texas.]

The sheriff of Galveston County arrested relator by virtue of this warrant. Relator applied to Judge Cavin for the writ of habeas corpus, which was granted. Upon the trial the relator was remanded to the custody of the sheriff, and from this order relator appeals to this court.

In answer to the writ of habeas corpus, the sheriff relied upon the Governor's warrant as authority for holding appellant. The relator excepted to the warrant because it was not based upon either an affidavit or indictment. The law prescribes no form for this warrant, but, when the warrant issued in this case is inspected, it will be found to contain all that was necessary. It is very clearly ample authority for the sheriff to arrest appellant and deliver him to Simmons, the extradition agent. A distinction is sought to be made between complaint and affidavit. There is none. A complaint is an affidavit. The demurrer to the return of the sheriff was properly overruled.

The case should have been permitted to rest here, because the presumption obtained that the Governor of this State issued his warrant upon proper authority; that the requisition and the papers accompanying the same were in proper form, etc.,—in fact, that a case was presented to him requiring the warrant, arrest, and extradition of relator. The State, however, introduced in evidence a certified copy of the requisition and all papers pertaining thereto. Counsel for relator objected to the introduction of these copies in evidence. If the objection had been sustained, the judge trying the cause should have remanded relator, because the warrant was sufficient, and because the presumption must have been that it was rightfully, and not improperly, issued. This being so, the burden was on relator to show that the warrant was not legally issued. This could have been done by introducing in evidence the requisition papers; and if, in fact, the Governor of Kansas had not complied with the law relating to this matter, appellant should have been discharged. But let us suppose that the certified copies of the requisition papers were admissible; relator could attack the regularity of the pro-

ceedings, notwithstanding his objections to their admissibility in evidence. Now, if these copies were not admissible, relator should have been remanded. If they were, evidently the law pertaining to this proceeding has been strictly complied with. The requisition made upon the Governor of this State is in proper form, the papers accompanying same demonstrate that appellant was charged with forgery by an affidavit, and these papers are certified to as being authentic by the Governor of Kansas, as the law requires. The judgment is affirmed.

*Affirmed.*