COBURN TROLLEY-TRACK MFG. CO. v. CHANDLER et al.

(Circuit Court, D. Massachusetts. December 2, 1898.)

No. 939.

1. PATENTS—CONSTRUCTION OF CLAIMS—EFFECT OF SPECIFICATION.
    While the claim and specification of a patent may be read together for the purpose of better understanding the meaning of the claim, the specification cannot be accepted as enlarging or extending the invention stated in the claim itself.

2. SAME—TROLLEY TRACK.
    The Coburn patent, No. 365,240, as to claim 1, for a trolley track, is void for want of patentable invention.

This is a suit in equity by the Coburn Trolley-Track Manufacturing Company against Milton A. Chandler and others for infringement of a patent.

Brieson & Knauth and Odin B. Roberts, for complainant.

Bond, Adams, Pickard & Jackson and George M. Weed, for defendants.

ALDRICH, District Judge. The plaintiff's patent is numbered 365,-240, dated June 21, 1887, and by the first claim (the only claim in controversy in this suit) is limited to a trolley track. · It is true, the specification is somewhat broader than the claim, as it describes an invention which relates to trolley tracks and carriers. The specification then proceeds to describe the object of the invention, which is to provide a track of improved construction, particularly in respect to strength, and a carrier adapted to move thereon; and it is declared that the invention consists in the peculiar construction and arrangement of the track and carrier. It is manifest that the specification suggests features of construction not embraced in the claim in question. While the claim and specification may undoubtedly be read together for the purpose of better understanding the meaning of the claim (American Sulphite Pulp Co. v. Howland Falls Pulp Co., 80 Fed. 395, 405), the specification cannot be accepted as enlarging or extending the invention stated in the claim itself. The claim in question makes no reference to peculiar construction in carrying mechanism or combinations, and therefore limits itself to a trolley track, consisting of a tube of substantially rectangular cross section, at its upper portion, and having the lower edges curved in towards the median line, and then turned upward, so that the bottom of the tube has a rounded trough at each side of a longitudinal central opening.

The substantial and principal feature urged as invention is involved in the idea of a rounded trough or groove, which, when used as a track for carrying purposes, guides the wheel, which naturally and necessarily seeks the lowest point of the groove, thereby avoiding friction and better distributing the load. It is true, the argument is made that the form of the structure of the track or tube is such that additional strength is supplied, and the specification, so far as it describes the object as one to provide a track of improved construction, particularly in respect to strength, may fairly enough be considered in connection

with the claim. But the evidence and the arguments do not satisfy me that the tube or track in question possesses structural strength new in the art, or not embraced in former structures. So it follows from this view that the plaintiff's invention, if he has one, consists of the rounded trough or track, which is formed by turning the edges of the metal in towards the median line, and then upward. Does this device for forming rounded tubes or tracks involve a discovery which places it in the domain of patentable invention? As I construe the claim, this is not an adaptation of parts; and, as I have already said, the invention—if there be one—covered by the claim consists in rounding the track. Trolley tracks were old. Such tracks had been formed from one piece of metal by bending and shaping it into a groove for trolley purposes. The Hayden track of 1883 may be used as an illustration. There the track or groove was angular shaped in turning inward and upward on an incline, rather than circular shaped in turning, as in the plaintiff's device. I cannot bring myself to the conclusion that changing the form in bending from angular to circular involved inventive genius. The ordinary mechanic, skilled in shaping metal, confronted with the practical idea of avoiding friction between the wheel and the track or groove, would easily devise means for accomplishing such result. If a wheel did not revolve freely in a groove of a given shape, it would almost necessarily occur to the mechanic that the groove should be so shaped as not to offer resistance or obtrude friction. While the patentee, in the patent in question, produced a

desirable improvement in the domain of construction, what he did was the result of ordinary judgment and mechanical skill, and did not involve inventive genius. It would be going too far to hold that one who had found that a wheel of given shape could revolve more freely in circular or rounded grooves than in angular grooves should be given the monopoly of all the half-round or circular trolley track which the business of this country may require. Bill dismissed, with costs.