# IN THE MATTER OF THE APPLICATION OF OTTO GERTZ FOR A WRIT OF HABEAS CORPUS.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED APRIL 14, 1913.                DECIDED APRIL 16, 1913.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

EXTRADITION—*purpose of—prisoner on parole.*

Where a prisoner in California, who has been released on parole on certain conditions including the conditions that he would not leave the county in which he had been convicted without the permission of the probation officer of that county, and that he would

report to such officer twice each month as to his conduct and
deportment, leaves that State and comes to this Territory in vio-
lation of the terms of his parole, and his extradition and return
to California for the purpose of serving his sentence is sought,
the offense for the commission of which he was convicted, and
not the breaking of parole, must be regarded as the ground upon
which the requisition for his apprehension and delivery is based.

SAME—*escaped prisoner—violation of parole—fugitive from justice.*

A prisoner is charged with crime as well after he has been
convicted and sentenced, the sentence remaining unsatisfied, as
before trial, and he may be extradited as a fugitive from justice
in this Territory where it is shown that he left the State wherein
he was convicted in violation of the conditions upon which he had
been released from jail upon parole, one of those conditions being
that he should not leave the county in which he had been con-
victed and sentenced. An escape from the limits prescribed in a
parole is, in effect, an escape from the jail.

OPINION OF THE COURT BY ROBERTSON, C.J.

This is an appeal from a judgment of a circuit judge of the
first circuit made in a proceeding in *habeas corpus* discharging
the petitioner, Otto Gertz, from the custody of David Ahern,
sheriff of Sacramento county, California, by whom the peti-
tioner was held under a warrant issued by the governor of this
Territory upon the requisition of the governor of the State of
California, under date of March 27, 1913, commanding the
arrest of said Otto Gertz and that he be delivered into the cus-
tody of said David Ahern to be taken back to the State of Cali-
fornia.

Counsel for the petitioner contend that the warrant of the
governor of Hawaii is void because, as they claim, there was
no sufficient basis for the issuance of the requisition by the
governor of California. Their principal contention is based
on the assumption that the authorities of California seek to ex-
tradite the petitioner because as a prisoner on parole in that
State he broke parole, and from this they argue that as break-
ing parole is not a crime under the laws of California and as

the only showing made before the governor of California, upon the application for the issuance of a requisition that Otto Gertz had broken parole was the affidavit of one Eva G. Gertz, sworn to before a notary public, who deposed upon information and belief that the said Otto Gertz departed from the county of Sacramento, State of California, for the purpose of avoiding arrest, that he is a fugitive from justice, and is now in the Territory of Hawaii, the requisition should not be honored. This, counsel claim was not a compliance with the provision of section 5278 of the Revised Statutes of the United States which requires the production of "a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor," etc. We think the assumption that the petitioner is sought to be extradited for breaking parole is not warranted by the facts. The breaking of his parole may be regarded as the immediate cause of the petitioner's extradition, but it is not the offense for which the State of California desires to punish him. The affidavit referred to, of Eva G. Gertz, concludes with the prayer that "a requisition issue for the said Otto Gertz and that he be brought back to the county of Sacramento, State of California, for the purpose of serving his sentence under commitment." What was meant is disclosed by the application made to the governor of California for the requisition by the district attorney of the county of Sacramento which was based not only on the affidavit of Eva G. Gertz but upon the record of certain criminal proceedings had in the superior court of that county in which said Otto Gertz was the defendant, as follows: The sworn complaint of Eva G. Gertz made before the judge of said court, sitting as a committing magistrate, in which the defendant was charged with wilfully omitting without lawful excuse to furnish necessaries for his minor child, Lawrence Ward Gertz, in violation of section 270, of the penal code of

In re Gertz, 21 Haw. 526.

California; the order of the committing magistrate holding the accused to answer said charge and fixing his bail; an information made by said district attorney and filed in said superior court, on June 8, 1911, charging the commission of said offense, to which, upon arraignment, the accused entered a plea of guilty; the staying of proceedings until the further order of the court, agreeably to the provisions of section 1203 of the penal code of California, and the discharge of the accused on the same day upon the conditions of a certain probation order which was made and entered in open court; the subsequent appearance of said Otto Gertz before the court, the finding by the court that he had violated the terms of the probation order, the setting aside of that order, and the judgment of the court, on September 30, 1912, that the accused be punished by imprisonment in the county jail of Sacramento county for the term of two years; and the application of the prisoner to the board of parole commissioners for that county, on December 31, 1912, to be paroled upon certain conditions set forth in the application including the conditions that the applicant would not leave the county of Sacramento without the permission first had and obtained of the probation officer of said county and that he would report to said officer in person on the first and third Mondays in each month as to his conduct and deportment. The district attorney, in his application for the requisition, stated, among other things, that "the fugitive is charged and has been convicted of a felony under section 270 of the Penal Code of this state," that "I have, as I believe, sufficient evidence to show that the fugitive has broken his parole," and that "in my opinion the ends of public justice require that the alleged criminal be brought to this state for service of sentence at the public expense." From all this it appears that the extradition of the prisoner is not sought for the purpose of prosecuting him upon a charge of breaking parole, but in order that he may be compelled to serve the sentence heretofore imposed upon him for

the offense to the commission of which he pleaded guilty in the superior court of Sacramento county. As the record shows that that offense was charged both by the complaint of Eva G. Gertz which was sworn to before the judge of the superior court, and by the information presented to the superior court by the district attorney the provision of section 5278 of the Revised Statutes, which has been invoked by the petitioner, must be regarded as having been complied with.

It is contended that as the affidavit of Eva G. Gertz does not set out that Gertz was not granted permission to leave Sacramento county it is to be presumed in favor of the prisoner that such permission was given. If such permission was in fact given it would be a matter peculiarly within the knowledge of the petitioner and it would be an easy matter for him to show it. He has made no claim that he obtained permission from the probation officer to leave Sacramento county. In the application for the requisition the district attorney represented that the petitioner "fled from the State breaking his parole." There is no merit in this point.

The only remaining points made on behalf of the petitioner which require notice are the contentions of counsel that the original complaint against the petitioner has become merged in the judgment of sentence of two years' imprisonment, so that there is not now pending and undisposed of in California any charge by indictment, information, affidavit or otherwise against the petitioner; and that, the petitioner, having been released from custody on parole, is not to be considered a fugitive from justice because he left the county of Sacramento and came to this Territory in violation of the terms of his parole. The law is against the petitioner on both points. In the case of *Drinkall* v. *Spiegel,* 68 Conn. 441, the court dealt with arguments similar to those which have been advanced in the case at bar. As to the point that there was no charge pending against the petitioner, the court there said, "A person can be said to be charged with crime as well after conviction as before. The conviction

simply establishes the charge conclusively. An unsatisfied judgment of conviction still constitutes a 'charge' within the true intent and meaning of the Constitution. An indictment or affidavit merely presents the charge, while a conviction proves it. To warrant extradition, the statute requires an indictment or affidavit charging a crime; but if, in addition thereto, there is also presented a record of conviction, the case is not weakened, but rather strengthened." See also *Hughes* v. *Pflanz,* 138 Fed. 980. As to the point as to the petitioner's having been released upon parole, the court in the Connecticut case said, "The plaintiff was permitted to go outside the reformatory upon his acceptance of and promise to obey the directions contained in the parole, while, so far as appears, he did not go to Michigan at all, but came to Connecticut, and has never obeyed the directions and rules to which he had agreed. If he had gone to Michigan, and it had been sought to secure his return from that State by a requisition upon the Executive, a question might have been presented which we have no occasion to consider. He was in this State, not because of the parole, but in violation of the parole. He has used the parole as a means by which to practice a fraud on the managers of the reformatory, thereby to escape from his imprisonment. If the plaintiff had escaped from the reformatory by force, he should unquestionably be returned; but a prisoner who eludes the vigilance of his keepers by fraud is in no better plight than one who does so by force. * * * * When the plaintiff was liberated from confinement within the reformatory, and found himself at large in the State of New York, he was, in effect, within the prison liberties. But it is the settled doctrine on this subject that the liberties of the prison is an extension or enlargement of the walls of the prison. A person therefore is in prison, in legal contemplation, when within the liberties of the prison. An escape from the liberties is an escape from prison." 68 Conn. 449, 450. We agree with the reasoning of the court in that case.

The requisition of the governor of California was in due and proper form. It demanded the arrest of Otto Gertz and that he be delivered to David Ahern, the respondent, who is authorized to receive, convey and transport the petitioner to the State of California. The respondent holds the petitioner under legal process and by proper authority.

The judgment appealed from is vacated and set aside; the writ is dismissed, and the petitioner is remanded into the custody of the respondent.

*R. P. Quarles* (*Andrews & Quarles* on the brief) for petitioner.

*L. P. Scott, Deputy Attorney General* (*Wade Warren Thayer, Attorney General,* with him on the brief), for respondent.