Ex Parte S. E. Lambert.

No. 3386. Decided January 6, 1915.

**Examining Trial—Habeas Corpus—Practice on Appeal.**

 Where relator was bound over in the Justice Court to appear before the grand jury upon a charge of bigamy, and thereafter sued out a writ of habeas corpus before the district judge who again bound him over to the grand jury, and relator claimed on appeal that the district judge heard evidence which was legally inadmissible, but it appeared from the record that the district judge had probable cause to believe that relator committed an offense, there was no error. Following Ex parte Walck, 25 Texas Crim. App., 168.

Appeal from the District Court of Hopkins. Tried below before the Hon. Wm. Pierson.

Appeal from a habeas corpus proceeding binding relator over to the grand jury under a bond of $500.

The opinion states the case.

No brief on file for appellant.

C. E. Lane, Assistant Attorney General, for the State.—Cited cases in opinion.

PRENDERGAST, Presiding Judge.—By complaint before a justice of the peace appellant was charged with bigamy. Upon an examining trial the justice bound him over on a $750 bond to appear before the grand jury next to convene. He sued out a writ of habeas corpus before the district judge, who, after hearing the evidence, likewise bound him to appear before said grand jury, fixing his bond at $500. He failed or refused to make bond and was committed to jail.

On this habeas corpus hearing the State, over his objections, introduced a certified copy of a marriage license and return thereon from the probate court of Lauderdale County, Alabama, authorizing him to marry Ester Viola Casttell and his marriage to her in December, 1907. This copy was certified to by the judge of probate of said court and county. It was not authenticated as required under the Act of Congress, so as to properly be introduced in evidence, over that objection, on final trial. However, there is nothing to indicate but that it is a fact that such license was issued and Lambert was married to said woman, and that the properly authenticated copy can be procured in ample time for the action of the grand jury and final trial.

The State also introduced a properly certified copy of a license from Hopkins County, Texas, authorizing him to marry, and the return thereon shows his marriage to Mrs. Nannie Bruce in November, 1913.

The sheriff of said Hopkins County, who made the complaint herein, testified, in substance, that he made said complaint on information which came to him from said two women,—the first one now living in Ethridge, Tennessee, the latter in Stamps, Arkansas, and he identified, and the State introduced, over appellant's objection, what purported to

be a recent letter from the former. This letter, even if properly proven up over his objections, could in no event be introduced on final trial.

As we understood appellant's attorney in oral argument, in submitting this case, he, in effect, conceded that the evidence heard by the district judge indicated appellant may be guilty of the offense charged, or rather, that legal evidence may in time be gotten by the State sufficient to probably show his guilt, yet, as the evidence which the district judge did hear, was legally inadmissible, he should have discharged him and not bound him over.

We are of the opinion, both from the statute and decision of this court, that the action of the district judge was in all things correct. The statute says:

"Where, upon an examination under habeas corpus, it shall appear to the court or judge that there is probable cause to believe that an offense has been committed by the prisoner, he shall not be discharged, but shall be committed or admitted to bail, according to the facts and circumstances of the case." (Art. 206, C. C. P.) This court in Ex parte Walck, 25 Texas Crim. App., 168, after quoting the above article, said:

"Under the facts, as they appear in this record, we are of opinion that there was no error in requiring a bond of applicant, it appearing to us that there was probable cause to believe that an offense had been committed by the applicant. But it is not to be inferred from this that there is evidence sufficient to sustain a conviction or warrant an indictment. We believe, under the facts of the case, that it was proper to require the bond, so as to secure the presence of the applicant, if, upon a more thorough investigation, sufficient evidence should be discovered upon which to present an indictment."

The judgment is affirmed.

*Affirmed.*