## EX PARTE W. L. McDANIEL.

### No. 3439.   Decided February 3, 1915.

**1.—Extradition—Going Into Facts—Motive.**

Upon extradition proceedings, there was no error in not permitting relator to go into the facts upon which the complaint or affidavit was founded, and show that he was guilty of no offense; as the question of guilt or innocence can not be inquired into, neither can the motive of relator in leaving the demanding State be inquired into.   Following Drew v. Thaw, 235 U. S., 432, and other cases.

**2.—Same—Question of Guilt—Motive—Rule Stated—Fugitive from Justice.**

The question of the guilt of the relator or any other ulterior purpose behind the prosecution can not be inquired into, and a person who commits a crime in one State and departs therefrom and is found in another State may be regarded as a fugitive from justice.   Following Ex parte Denning, 50 Texas Crim. Rep., 629.

**3.—Same—Going   Behind   Governor's   Warrant—Burden—Prima   Facie
Case.**

While it is held that the courts may go behind the Governor's warrant, yet it has always been held that the warrant issued by the Governor makes a prima facie case on habeas corpus, and the burden is on the relator that the warrant was not legally issued.   Following White v. State, 39 Texas Crim. Rep., 497, and other cases.   Distinguishing Ex parte Cheatham, 50 Texas Crim. Rep., 51.

**4.—Same—Complaint—Affidavit—Governor's Warrant.**

Where relator indulged in a criticism of the Governor's warrant for using the word "complaint" instead of reciting that the demand was accompanied by a copy of an affidavit duly certified, etc., the same was untenable; besides, the affidavit was introduced in evidence.   Following Ex parte White, 39 Texas Crim. Rep., 497.

**5.—Same—Justice of the Peace—Magistrate—Demanding State.**

Where the Governor's warrant recited that relator stands charged by complaint before the proper authorities and that the demand is accompanied by a copy of the complaint duly certified as authentic by the Governor of the demanding State, the same was sufficient, and it was incumbent upon relator to show the fact that a justice of the peace is not a magistrate in the demanding State.   Following Ex parte Stanley, 25 Texas Crim. App., 372, and other cases.

**6.—Same—Indictments Pending—Practice—Dismissal—Vacation.**

Where relator, in extradition proceedings, showed that indictments were pending against him in the District Court of Texas and that he could, therefore, not be extradited to the demanding State, although the district attorney had entered a dismissal of such indictments in vacation.   Held, if relator insists upon his objection, he will be held in custody until said indictments are duly disposed of and then delivered to the demanding State.   Following Ex parte Hobbs, 32 Texas Crim. Rep., 312.

Appeal from the District Court of Fannin, in vacation.   Tried below before the Hon. Ben H. Denton.

Appeal from extradition proceedings on habeas corpus remanding relator to the custody of the officers.

The opinion states the case.

*Cunningham & McMahon,* for relator.—On question that complaint

before justice of the peace is not sufficient: Ex parte Lewis, 170 S. W. Rep., 1098; Brown v. State, 55 Texas Crim. Rep., 572; Ex parte Thomas, 53 id., 37; Ex parte Cheatham, 50 id., 51; State v. Richardson, 34 Minn., 115; Compton v. Ala., 214 U. S., 1; Roberts v. Reilly, 116 U. S., 80.

On question that affidavit must be made before a magistrate: Ex parte Pearce, 32 Texas Crim. Rep., 301; Beall v. Smith, 14 Texas, 305; Rosenthal v. Lennox, 50 S. W. Rep., 401.

On question that offense is not one upon which relator can be extradited: Ex parte Cheatham, 50 Texas Crim. Rep., 51; State v. Clark, 76 S. W. Rep., 1007.

On question that relator is not a fugitive from justice: Grin v. Shine, 187 U. S., 181.

Upon question of pending indictment: Hobbs v. State, 32 Texas Crim. Rep., 312; Taylor v. Taintor, 16 Wall., 366.

*C. C. McDonald,* Assistant Attorney General, and *R. T. Lipscomb,* District Attorney, for the State.—On question that relator is a fugitive from justice: Bassing v. Cady, 208 U. S., 386; Appleyard v. Mass., 203 U. S., 222; Ex parte Coleman, 53 Texas Crim. Rep., 93; Hibler v. State, 43 Texas, 197.

Questions of fact can not be tried: Ex parte Hancock, 170 S. W. Rep., 145, and cases stated in opinion.

What must be shown on extradition proceedings by State: Ex parte White, 39 Texas Crim. Rep., 497; Hyatt v. People, 188 U. S., 691; Ex parte Bergman, 60 Texas Crim. Rep., 8, 130 S. W. Rep., 175; Ex parte Lewis, supra, and cases cited in opinion.

On question of complaint and affidavit: Compton v. Ala., 214 U. S., 1, and cases cited in opinion.

On question of pending indictments: Ex parte Barnes, 73 Texas Crim. Rep., 583, 166 S. W. Rep., 728; Ex parte Muncy, 72 Texas Crim. Rep., 541, 163 S. W. Rep., 29; Ex parte Higgins, 71 Texas Crim. Rep., 618, 160 S. W. Rep., 696, and cases cited in opinion.

HARPER, JUDGE.—Upon application made by the Governor of New Mexico, His Excellency, Governor O. B. Colquitt, granted the requisition, in language as follows:

## "IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS.

### EXECUTIVE DEPARTMENT.

*"To all and singular the sheriffs, constables, and other civil officers of said State:*

"Whereas, It has been made known to me by the Governor of the State of New Mexico that W. L. McDaniel stands charged by complaint before the proper authorities, with the crime of drawing and uttering a worthless draft in the sum of four hundred dollars committed in said

State, and that the said defendant has taken refuge in the State of Texas; and, whereas, the said Governor, in pursuance of the Constitution and laws of the United States, has demanded of me that I cause the said fugitive to be arrested and delivered to James W. Johnson, who is, as is satisfactorily shown, duly authorized to receive him into custody and convey him back to said State; and, whereas, said demand is accompanied by copy of said complaint duly certified as authentic by the Governor of said State.

"Now, therefore, I, O. B. Colquitt, Governor of Texas, by virtue of the authority vested in me by the Constitution and laws of this State and the United States, do issue this my warrant, commanding all sheriffs, constables, and other civil officers of this State, to arrest and aid and assist in arresting said fugitive and to deliver W. L. McDaniel when arrested to the said agent in order that he may be taken back to said State to be dealt with for said crime.

"In testimony whereof, I have hereunto signed my name and have caused the seal of State to be hereon impressed, at Austin, Texas, this 14th day of January, A. D. 1915.

"O. B. Colquitt,
"By the Governor: "Governor.
   "D. A. Gregg,
[L. S.]   "Secretary of State."

Under this authority relator was arrested and delivered to Mr. Johnson. Relator sued out a writ of habeas corpus before Judge Denton. When a hearing was had Judge Denton remanded the relator to the custody of Mr. Johnson, from which judgment he prosecutes this appeal.

Upon the hearing relator desired to go into the facts upon which the complaint or affidavit was founded, and show that he was guilty of no offense. This the court declined to permit him, and he presents this matter for review by bills of exception. It has been uniformly held by this court and the Supreme Court of the United States that the question of the guilt or innocence of a person of the offense charged will not be inquired into on habeas corpus in this character of case. This question came before the Supreme Court recently in the case of Drew v. Thaw, 235 U. S., 432, and it was held that on the habeas corpus hearing the question of guilt or innocence will not be inquired into, that court saying: "When, as here, the identity of the person, the fact that he is a fugitive from justice, the demand in due form, the indictment by a grand jury for what it and the Governor of New York allege to be a crime in that State, and the reasonable possibility that it may be such, all appear, the constitutionally required surrender is not to be interfered with by the summary process of habeas corpus upon speculations as to what ought to be the result of a trial in the place where the Constitution provides for its taking place. We regard it as too clear for lengthy discussion that Thaw should be delivered up at once." In the same case the court also passed on the question that motive of the person in leaving the demanding State was wholly immaterial, it holding: "If

the conspiracy constituted a crime, there is no doubt that Thaw is a fugitive from justice. He was a party to the crime in New York, and afterwards left the State. It long has been established that, for purposes of extradition between the States, it does not matter what motive induced the departure. Roberts v. Reilly, 116 U. S., 80, 29 L. Ed., 544, 6 Sup. Ct. Rep., 291; Appleyard v. Massachusetts, 203 U. S., 222, 226, 227, 51 L. Ed., 161-163, 27 Sup. Ct. Rep., 122, 7 Ann. Cas., 1073."

In Ex parte Denning, 50 Texas Crim. Rep., 629, this court held it was not error to refuse to hear evidence as to the guilt or innocence of the defendant, that being a question for the courts of the demanding State, the court saying: "The question of the guilt of the relator or any other ulterior purpose behind the prosecution can not be inquired into." In Ex parte Coleman's case, 53 Texas Crim. Rep., 93, and Hibler's case, 43 Texas, 197, this court and the Supreme Court have both held that a person who commits a crime in one State and departs therefrom, and is found in another State, may be regarded as a fugitive from justice.

There is no contention that relator was not in the State of New Mexico when the crime charged is alleged to have been committed, and subsequently left and came to this State.

While in Cheatham's case, 50 Texas Crim. Rep., 51, it is held that the courts may go behind the Governor's warrant and review the grounds upon which the Governor may have issued the warrant, and in that case, because the offense was alleged in the affidavit "upon information and belief" the relator was discharged, in this case the affidavit contains no such words. it being in the following language:

"STATE OF NEW MEXICO

vs.

W. L. McDANIEL.

"State of New Mexico,
 "County of Chaves.

"On this 26th day of December, A. D. 1914, personally appeared Roy Ammerman before the court of R. D. Bell, justice of the peace in and for precinct No. 2 of the County of Chaves, in the State of New Mexico, and after having been duly sworn in conformity with law, says that W. L. McDaniel did violate the laws of New Mexico by giving to the First State Bank and Trust Company of Roswell, N. M., a check or draft in the sum of $400 on the Farmers Bank of New Hope, Texas, and receiving the money on same knowing the same would not be paid and that this happened on or near Roswell of the 10th day of December, A. D. 1914, in the County of Chaves and State of New Mexico, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of New Mexico.

(Signed)        "Roy Ammerman,
                      "Complainant.

"Sworn to and subscribed before me on the 26th day of December, A. D. 1914.

(Signed)          "R. D. Bell,<br>
"Justice of the Peace."

And while it is held that the courts may go behind the Governor's warrant, yet it has always been held that the warrant issued by the Governor makes a *prima facie* case on habeas corpus and the burden is on the defendant to show that the warrant was not legally issued. (White v. State, 39 Texas Crim. Rep., 497; Hibler v. State, 43 Texas, 197; Ex parte Stanley, 25 Texas Crim. App., 372.)

Relator indulges in a criticism of the Governor's warrant for using the word "complaint" instead of reciting that the "demand was accompanied by a copy of an *affidavit* duly certified as authentic by the Governor of New Mexico." This question was decided adversely to relator's contention in the case of Ex parte White, 39 Texas Crim. Rep., 497. In addition to this, the complaint or affidavit was introduced in evidence, as hereinbefore shown, and it is such an affidavit as is required by law.

Relator also contends that as the affidavit was sworn to before a justice of the peace, it was incumbent on the State to show affirmatively that under the laws of New Mexico that a justice of the peace is a "magistrate" in that State. As the Governor's warrant recites, "relator stands charged by complaint before the proper authorities, and whereas said demand is accompanied by a copy of the complaint duly certified as authentic by the Governor of that State," it presents a prima facie case, and if in fact a justice of the peace is not a magistrate in New Mexico, it was incumbent upon relator to show that fact. Ex parte Stanley, 25 Texas Crim. App., 372; White v. State, 39 Texas Crim. Rep., 497.

The only other question we deem it necessary to discuss is the one wherein relator shows there are two indictments pending against him in the District Court of Fannin County; that he has been arrested on such indictments, and given bond, and he contends that he should not be turned over to the New Mexico authorities while such indictments are pending. This record discloses that the two indictments are pending in the court over which Judge Denton presides; that he was the judge who heard the application for habeas corpus, and when relator introduced the two indictments in evidence, the district attorney filed motions asking leave to dismiss both of said cases, giving reasons therefor, with the knowledge and consent of the district judge. In approving the bill showing these facts, Judge Denton states when the district attorney filed those motions to dismiss the cases, and he consented and agreed that he might do so, the relator objected to it being done in vacation, and this is the only reason why the order of dismissal was not entered at that time. He further states that the order of dismissal will be entered in term time. In the case of Ex parte Hobbs, 32 Texas Crim. Rep., 312, wherein the relator was under arrest for an offense against the laws of this State, it was held that the relator should not be extradited during

the pendency of that case, but he should be held without bail until that case was disposed of and then surrendered to the Tennessee authorities. If relator objects to a dismissal being entered in vacation, under the authority of the Hobbs case, supra, he is not entitled to be released from custody, but should be remanded to jail in Fannin County to be held until the order of dismissal is entered, or the two cases pending against him are otherwise disposed of, and then be delivered by the sheriff of Fannin County to the officer authorized to receive him by the Governor's warrant, and it is so ordered.

Affirmed and relator is remanded to the custody of the sheriff of Fannin County to be held and dealt with in accordance with this opinion.

*Relator remanded to custody.*