## Ex parte HARRY ALBRIGHT v. E. E. CLINGER.

### In Banc, October 8, 1921.

1. **FUGITIVE FROM JUSTICE: Requisition: Authentication of Papers.** Papers incorporated in the application of the governor of another state demanding the return of a fugitive from justice, such as the sworn statement made by the warden of the penitentiary to the governor of that state, in regard to the crime, conviction and flight of such person, and authenticated by the certificate of the said governor as being "authentic and as having been duly au-

thenticated' in accordance with the laws of said state," are authenticated in the manner required by the Federal statutes.

2. ————: ————: **By Governor.** The demanding governor is the only proper person to determine the authenticity of papers incorporated in an application for a requisition; while his certificate does not make the charge 'a crime, it authenticates that which does make it such, and for this purpose it is conclusive.

3. ————: ————: **Purpose: Charged With Crime.** The purpose of the authentication of the charge in the application for a requisition is one of the prerequisites to determine whether the person sought to be extradited is a fugitive from justice; and the words "charged with crime" apply to a fugitive who has fled after conviction, as well as to one who has fled before conviction.

4. ————: **Who Is.** One who is shown to have committed a crime in one state, and when sought for, in order that he may be subjected to criminal process, is found in another state, is a fugitive from justice.

5. ————: **Admission: Parole.** An admission by petitioner for the writ of *habeas corpus*, both in his pleadings and in his application to the board of prison managers of the demanding state, that while under sentence for a felony in such state and under parole, he had violated his parole and fled to this State, is ample evidence to satisfy the Governor that he is a fugitive from justice and to authorize the granting of the requisition of the Governor of the demanding state, and the issuance of a warrant for his arrest and delivery to the agent of that state.

6. ————: **Evidence: Character: Prima-Facie Case.** Courts are not concerned with the character of evidence adduced before the Governor in support of an application for a requisition for a fugitive from justice. All that is required is that it be satisfactory to the Governor. And upon *habeas corpus*, the warrant of the Governor for the petitioner's arrest, certifying that he is a fugitive from justice, makes out a prima-facie case against him, which he must overthrow before he can be released.

7. ————: **Revocation of Parole: Proof.** It devolves upon the petitioner for the writ of *habeas corpus* whose extradition has been demanded by another state and for whose arrest and return a warrant has been issued by the Governor, to show that the parole granted by the demanding state has not been revoked. If the parole constitutes' a ground why requisition should not have been granted, evidence to establish that fact must be offered by the petitioner.

8. ————: **Violation of Parole: Extradition: Proof of Offense.** A violation of the terms of his parole granted by the state demanding

a fugitive from justice, while a moving cause for his extradition, is not the offense for which his return is demanded, but it is the felony of which he has been convicted, and that is made manifest by the indictment, the unsatisfied judgment of conviction and the application for his extradition; and upon a showing of these facts, without more, the issuance of the requisition by the Governor is authorized.

## Habeas Corpus.

WRIT DENIED.

*David W. Peters* for petitioner.

*E. E. Clinger,* Agent for State of Ohio.

WALKER, J.—Relator, restrained of his liberty on a warrant of the Governor of this State, issued upon a requisition of the Governor of the State of Ohio, invokes *habeas corpus* to effect his release.

Relator, on a charge of non-support of minor children, was indicted, tried, convicted and sentenced to imprisonment in the Ohio penitentiary for a term of not less than one year nor more than three years. In accordance with the laws of that State he was paroled. In violation of his conditional liberation from imprisonment, he left Ohio, or failed to report his whereabouts to the Board of Clemency, and within four months thereafter he was charged and convicted of grand larceny in Jackson County, Missouri, and sentenced to two years' imprisonment in the penitentiary. This sentence expired July 9, 1921. Upon his release he was re-arrested and is held in custody by the agent of the State of Ohio, under the authority before stated. Upon being apprised of relator's violation of his parole, the Board of Prison Managers of that State revoked same. At the time his whereabouts were unknown to the board. Learning subsequently that he was confined in the Missouri penitentiary, upon the expiration of his sentence, the requisition referred to was applied for and granted,

to secure his return to the State of Ohio, to satisfy the judgment there pending against him.

I.   It is contended that the sworn statement of the warden of the Ohio penitentiary made to the Governor of that State, in regard to the crime, conviction and flight of relator and incorporated in the applica-
Authentication of Papers.
tion for a requisition for his return was not authenticated as required by the Federal statutes.   [3 Fed. Stat. Ann.* sec. 905, p. 212, sec. 907, p. 220.]   This contention is based on a misinterpretation of the meaning and purpose of these statutes.   They refer, when properly construed, to the authentication, for evidentiary purposes, of legislative and judicial records and proceedings and of records kept in offices not pertaining to courts.   Papers incorporated in the application at bar which came within the purview of these statutes were authenticated as therein required.   The warden's statement belonged to none of these classes; and it was sufficiently authenticated by the certification of the Governor of Ohio as being "authentic and as having been duly authenticated in accordance with the laws of that State."   [Sec. 5278, p. 285, 3 Fed. Stat. Ann.]   The United States Supreme Court in construing Section 5278, supra, has held that in the certification by the demanding Governor of the authenticity of the indictment or other formal charge, that the person named is a fugitive from justice, embodies the essentials necessary to call for action on the part of the Governor of the asylum state.   [Ex parte Reggel, 114 U. S. 642.]   A conclusion flowing from the rule as thus announced is that the demanding Governor is the only proper person to determine the authenticity of papers incorporated in an application for a requisition.   While his certification does not make the charge a crime, it authenticates that which does make it so and for this purpose it is conclusive.   [Kurtz v. State, 22 Fla. 36.]   While this ruling has express reference to a charge, by parity of reasoning and with like force it may be applied to a

sentence or judgment rendered upon an information or an indictment which has not been satisfied. In re Gertz, 21 Hawaii, 526.]

The purpose of the authentication of the charge is one of the prerequisites to determine whether the person sought to be extradited is a fugitive from justice; and he is none the less a fugitive whether he has fled before or after conviction. It is held in Hughes v. Pflanz, 71 C. C. A. 234, 138 Fed. 980, that the term "charged with crime" as used in the Federal Constitution and statute (Art. 14, sec. 2, Con. U. S.; Sec. 5278, 3 Fed. Stat. Ann. p. 285), is used in its broad sense. "It would," says the court, "be a very narrow and technical construction to hold that after the accusation, and before conviction, a person could be extradited, while after conviction which establishes the charge conclusively, he could escape extradition. The object of the provisions of the Constitution and statute is to prevent the escape of person charged with crime, whether convicted or unconvicted, and to secure their return and punishment if guilty. Taking the broad definition of 'charged with crime' as including responsibility for crime, the charge would not cease or be merged in the conviction, but would stand until the judgment is satisfied. . . . Any other construction would prevent the return of an escaped convict upon the charge on which they had been sentenced, and defeat in many instances the ends of justice." There was no dearth of evidence to sustain the finding of the Governor of this State that the relator was a fugitive from justice. One who is shown to have committed a crime in one state and when sought for to be subjected to criminal process, is found in another state, is under the rulings of the Supreme Court of the United States, a fugitive from justice. [Ex parte Reggel, 114 U. S. 642, 29 Law Ed. 250; Roberts v. Reilly, 116 U. S. 80, 29 Law Ed. 544.] This showing constituted a prima-facie proof of the fact, that he was a fugitive. [In re Cook, 49 Fed. 833; Hyatt v. N. Y., 188 U. S. 691, 47 Law Ed. 657; Marbles v. Creecy, 215 U. S. 63.] In addition, it

was admitted by the relator not only in his pleadings, but in applications made to the Ohio Board of Prison Managers that while under sentence for a felony and on parole, he had violated the latter and had fled to this State. This was ample to satisfy the Governor of the fact and to authorize the granting of the requisition and the issuance of the warrant for the relator's arrest and delivery to the agent of the State of Ohio. We are not concerned with the character of the evidence that was adduced to authorize the Governor to grant the requisition—the character of same not having been prescribed by the Federal statutes. All that is required is that it be satisfactory to the mind of the Governor. [Munsey v. Clough, 196 U. S. 364, 49 Law Ed. 515; Farrell v. Hawley, 78 Conn. 150, 112 A. S. R. 98, 3 Ann. Cas. 874; Ex parte Hoffstot, 180 Fed. 240, 218 U. S. 665, 54 Law Ed. 120.] Where, therefore, the Governor in his warrant, as at bar, certifies that the relator is a fugitive from justice, a prima-facie case arises, to overthrow which evidence must be adduced by the relator, when he makes the issue of his flight in a *habeas corpus* proceeding to secure his release. [Ex parte Pelinsky, 218 S. W. (Mo.) 809; In re Keller, 36 Fed. 681; Eaton v. West, 34 C. C. A. 68, 91 Fed. 260; State v. Justus, 84 Minn. 237, 55 L. R. A. 325.]

II. It is further contended that there had been no showing that the relator was paroled or that the same, if granted, has been revoked. A sufficient answer to these contentions, if it were necessary to refute **Parole.** them by the facts, is that they are admitted by the relator and this evidence was before the Governor of this State when he granted the requisition. An equally potent reason why these contentions are not entitled to serious consideration is that it devolved upon the relator to establish them. [Pettibone v. Nichols, 203 U. S. 192, 51 Law Ed. 147, 7 Ann. Cas. 1047.] No countervailing proof of any character was offered by him. The proof made to the Governor, therefore, became conclusive or

sufficiently so to his mind to sustain his action. [Ex parte Roselle, 222 S. W. (Tex.) 248; Tiberg v. Warren, 112 C. C. A. 596, 192 Fed. 458.] As was said in effect in Ex parte Carroll, 217 S. W. (Tex.) 382, it was not incumbent on the respondent to prove the terms of the relator's parole. The issuance of the writ by the Governor implies that it was rightfully done and the implication obtains until removed by proof. Absent any proof of parole, the other documents accompanying the application were ample to sustain the granting of the requisition and our interference therewith would be unwarranted. [McNichols v. Pease, 207 U. S. 100, 52 Law Ed. 121; Ex parte McDaniels, 76 Tex. Cr. Rep. 184, 173 S. W. 1018.] If it had been permissible in the absence of a showing that relator's parole had not been revoked or was unauthorized—a question we do not decide—no such proof was offered by the relator and having violated the conditions upon which his freedom from actual imprisonment depended—about which there is no question —he is in no better position than if he had escaped by force. [Ex parte Carroll, supra; Drinkall v. Spiegel, 68 Conn. 441, 36 L. R. A. 486; Ex parte Williams, 10 Okla. Cr. 436, 51 L. R. A. (N. S.) 668.] The two last contentions under consideration are evidently made on the assumption that the relator's extradition is sought for violating a parole. While this may be regarded as a moving or immediate cause of his extradition, it is not the offense for which the State of Ohio demands his return. [In re Gertz, 21 Hawaii, 526.] Then repeated statement of the offense, i. e., the non-support of minors —the indictment and sentence and the averments contained in the formal application of the Governor of Ohio for the requisition, leaves no doubt as to the grounds upon which relator's return is sought.

A conviction of crime was a necessary condtion precedent to the granting of a parole. The one measured the punishment and the other was a manifest of the law's clemency in its enforcement. So long as the terms of

the parole were complied with the clemency continued operative, but it ceased when those terms were violated. The right of the State of Ohio to the relator's return was, therefore, based upon the unsatisfied judgment of conviction against him which entailed imprisonment. Upon a showing of these facts without more, the issuance of the requisition would have been authorized and the incident that he was at large physically, instead of being indurance when he forfeited his right to clemency, was a matter with which the Governor of this State need not concern himself. If the parole constituted a reason or ground, why the requisition should not have been granted, evidence in regard thereto should have been offered by the relator [Commonwealth v. Sheriff, 38 Penn. Co. Ct. 55.] None was offered and the original and the attested statements made a part of the application, sustained the Governor's action. There is no merit in the application for *habeas corpus* and the prisoner is remanded to the custody of the agent of the State of Ohio. It is so ordered. All of the judges concur, except *Woodson, J.,* not sitting.