EX PARTE ANTHONY GORDON.

No. 14205. Delivered March 4, 1931.
Rehearing Denied April 22, 1931.

 

The opinion states the case.

*Gordon O. McGehee* and *J. A. Collier,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—This is a habeas corpus appeal. By way of a writ of habeas corpus, appellant sought release from custody resulting from an arrest as a fugitive from justice. It appears that he

was held on an executive warrant from which we quote as follows:

"WHEREAS, it has been made known to me by the Governor of the State of Michigan that Anthony Gordon stands charged by complaint and warrant before the proper authorities, with the crime of assault with intent to kill and murder committed in said State, and that the said defendant has taken refuge in the State of Texas, and Whereas, the said Governor, in pursuance of the Constitution and Laws of the United States, has demanded of me that I cause the said fugitive to be arrested and delivered to William A. Fuller who is, as is satisfactorily shown, duly authorized to receive him into custody and convey him back to said State, and, Whereas, said demand is accompanied by a copy of said complaint and warrant duly certified as authentic by the Governor of said State, etc."

It is shown that attached to the requisition of the governor of Michigan is a document called the executive warrant, which is a statement under oath charging the accused with assault to murder. The appeal seems based upon the proposition that the executive warrant is invalid in using the word "complaint" descriptive of the charge against the accused instead of the word "affidavit." The document attached to the governor's executive warrant contains the requisites demanded by article 1000, C. C. P., 1925, which states that the complaint shall name the accused, the offense, the state from which he fled, the state in which the offense was committed and that it was in violation of the criminal laws of the demanding state. In our statute, title 5, C. C. P., the affidavit upon which the warrant of arrest may be issued is described as a "complaint." See article 221, C. C. P. In extradition cases the words "complaint" and "affidavit" have been regarded by this court as synonymous. See Ex parte White, 39 Texas Crim. Rep., 497; Ex parte McDaniel, 76 Texas Crim. Rep., 184, 173 S. W., 1018. Moreover, the presumption that the governor's warrant justifies the arrest is indulged in the absence of proof or inherent defect showing the contrary. See Ex parte Nix, 85 Texas Crim. Rep., 307, 212 S. W., 507; Ex parte Roselle, 87 Texas Crim. Rep., 470, 222 S. W., 248; Ex parte Cheatham, 50 Texas Crim. Rep., 53, 95 S. W., 1077; Ex parte Stanley, 25 Texas Crim. Rep., 378, 88 S. W., 645.

In the present case, the governor's warrant is regular on its fact and in accord with title 14, Tex. C. C. P., covering the subject of fugitive from justice. The burden of proof which rests upon the appellant to overcome the presumption in favor of the accuracy of the recitals in the warrant has not been discharged. See Ex parte Bergman, 60 Texas Crim. Rep., 8, 130 S. W., 174; Ex parte Jones, 82 Texas Crim. Rep., 627, 199 S. W., 1110; Ex parte Haynes, 98 Texas Crim. Rep., 609, 267 S. W., 490; Ex parte Ponzi, 106 Texas Crim. Rep., 58, 290 S. W., 170; Ex parte Celey, 110 Texas Crim. Rep., 454, 10 S. W. (2d) 94; Ex

parte Yawman, 113 Texas Crim. Rep., 20, 18 S. W. (2d) 647; Ex parte Southard, 104 Texas Crim. Rep., 14, 282 S. W., 223.

The law contemplates that the habeas corpus hearing be before the court without a jury. Ordinarily the order of the court, after hearing the testimony, is to remand the accused to custody or discharge him. See articles 152-158, C. C. P. In such cases the ruling of the trial court upon the evidence is not ordinarily material for the reason that on appeal, if there be evidence improperly received or rejected, the reviewing court can disregard or consider the evidence according to its merit. See Ex parte Lambert, 76 Texas Crim. Rep., 50, 172 S. W., 783; Ex parte Walck, 25 Texas App., 168, 7 S. W., 665; also Ruling Case Law, vol. 12, p. 1250, sec. 68.

The bills of exception have been examined and in them nothing has been perceived which vitiates the judgment remanding the relator.

The complaint of the introduction of the so-called criminal warrant, even if improper, could not affect the result. As heretofore stated, neither it nor other evidence found in the record is such as to overturn the presumption of the authority of the governor of Texas to issue the executive warrant under which the appellant is held. The same may be said with reference to the objection of the oral proof of a witness touching the laws of Michigan. The warrant of the governor of Texas declares that the requisition is accompanied by complaint and warrant duly certified by the governor as authentic, and that the accused was charged by complaint with a felony. The presumption of regularity would not be overcome by the receipt in evidence on behalf of the state of improper testimony. By the statement last made, however, it is not intended to convey the idea that the testimony was improper. The witness testified to his knowledge of the laws of Michigan. If the laws of Michigan are as he states them, then the executive warrant would appear to be authorized by them. If the evidence is inadmissible, then the statement in the warrant that the appellant is charged by complaint is sufficient under the laws of Texas to authorize his detention.

The judgment is affirmed and the appellant is remanded to custody.

*Judgment affirmed; appellant remanded to custody.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing appellant cites no new authorities, and brings forward no new propositions. We think no need exists for re-stating the legal conclusions set out in the logical opinion of Presiding Judge Morrow. We call attention to the testimony of the officer of the state of Michigan as fortifying the statement in our opinion that the words complaint and affidavit are convertible terms in our practice,—that a complaint under the laws and practice of the state

of Michigan, is an instrument in writing signed and sworn to by the complainant. We think the case properly decided, and the motion for rehearing will be overruled.

*Overruled.*