## STEPHEN KATYUGA v. JOHN F. COSGROVE.

Decided October 14, 1901.

1. In interstate extradition the question of whether or not the person demanded is a fugitive from justice is for the determination of the executive authority of the state when the demand is made; and the issuance of a warrant for his apprehension and removal, whether such warrant contains a recital of an express finding to that effect or not, is sufficient evidence of a determination that he is such a fugitive—which determination, if reviewable at all on *habeas corpus*, will stand until overcome by contrary proof.
2. The certificate of the executive authority of the state making the demand, to the effect that an indictment certified presents a crime cognizable by the laws of that state, makes a *prima facie* case of the charge of such a crime.
3. A crime at common law will be presumed to be still a crime wherever the common law prevails.

On *habeas corpus.*

To a writ of *habeas corpus* the respondent returns that he holds the petitioner under warrant of the governor of this state, issued upon the requisition of the governor of the State of Pennsylvania, for the apprehension of the prisoner as a fugitive from justice. Copies of such warrant and requisition are annexed to the return. The requisition certifies a copy of an indictment found against the petitioner, in Pennsylvania, for larceny, which is certified to be a crime in that state. The matter has been argued on the face of the documents embraced in the return, no traverse being interposed.

Before Justice COLLINS.

For the petitioner, *James M. Trimble.*

For the respondent, *Chandler W. Riker.*

COLLINS, J. The only grounds of attack upon the return of the respondent as justifying the prisoner's detention are

(1) that it does not legally appear that the prisoner is a fugitive from justice, and (2) that the indictment certified does not substantially charge a crime. All that is required by the act of congress (*U. S. Rev. Stat.,* § 5278) to make it the duty of the executive authority of a state to cause the delivery to the agent of the executive authority of another state of an indicted fugitive from justice is the production of a copy of the indictment certified as authentic by the executive authority of the state from whence the person charged has fled, but it has been decided by the United States Supreme Court that such delivery is not compellable, or, perhaps, lawful, except upon competent proof that the person demanded is such a fugitive from justice. *Ex parte Reggel,* 114 *U. S.* 642. Whether he is or is not such a fugitive is a question for the determination of the executive authority of the state where the demand is made. It is doubtful if such determination is reviewable on *habeas corpus,* but it is settled that it is sufficient to justify the apprehension and removal of the person demanded until the presumption in its favor is overcome by contrary proof, and that the issuance of the warrant, whether it contains a recital of an express finding to that effect or not, is sufficient evidence of such determination. *Roberts* v. *Reilly,* 116 *Id.* 80. There is no provision that the evidence on which the executive reaches his determination shall be preserved. It is to be presumed that he required such evidence as was necessary to inform him on the subject. *Id.* Therefore the objection that the affidavit annexed to the requisition in this case—which counsel for the petitioner asks me to assume was the only evidence before the governor of this state—was inadequately authenticated, is without force. This disposes of the first question raised before me. The second rests upon the deliverance, in the case last cited, that it must be made to appear to the executive authority on whom the demand for a fugitive is made "that the person demanded is substantially charged with a crime against the laws of the state from whose justice he is alleged to have fled." Larceny may be presumed to be a crime wherever the common law prevails, and the case cited is authority that the presumption is that, in the case in

hand, the governor of this state informed himself as to the law of Pennsylvania. Furthermore, the indictment itself and the certificate of the governor of that state make a *prima facie* case of a crime cognizable by its laws. *In re Fetter,* 3 *Zab.* 311, 320. The sufficiency of the pleading is not open to inquiry. *In re Voorhees,* 3 *Vroom* 141.

I have no recourse but to remand the prisoner.