### Ex Parte J. J. Faihtinger.

No. 2988.    Decided January 28, 1914.

Rehearing denied February 18, 1914.

**1.—Extradition—Affidavit—Magistrate.**

Where the record on appeal showed that it contained not only a complaint sworn to before a notary public, but also an affidavit before a magistrate, an objection that the complaint was not sworn to before a magistrate as required by article 5278, Revised Statutes of the United States, was untenable, and the requisition of the Governor of the demanding State was properly issued thereon.

**2.—Same—Requisition—Elements of the Offense.**

Where the complaint upon which the requisition was based by the Governor of the demanding State charged the elements of the offense according to the law of the demanding State, it was not necessary to set out the elements of the offense in a requisition, the latter showing that the relator is a fugitive from justice.

Appeal from the District Court of Milam.    Tried below before the Hon. J. C. Scott.

Appeal from an extradition proceedings remanding relator to custody. The opinion states the case.

*Henderson, Kidd & Gillis,* for relator.—On question of insufficient complaint: Ex parte Owen v. State, 136 Pac. Rep., 197.

On question of insufficiency of requisition: Ex parte Reggel, 114 U. S., 642; Katyuga v. Cosgrove, 50 Atl., 679; State v. Clough, 67 L. R. A., 946.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant is held by virtue of extradition papers issued by the Governor of this State, authorizing his arrest and surrender to the officer duly commissioned by the Governor of Oklahoma to receive him.

It appears that a complaint was duly filed in the justice court of Tillman County, Oklahoma, in which relator was charged with the offense of unlawfully disposing of mortgaged property, without the written consent of the mortgagee. The complaint was sworn to by J. J. McWilliams before Jas. E. Fry, a notary public, and filed with J. L. Davis, a justice of the peace. Relator contends that he is entitled to be dis-

charged as this complaint was not sworn to before a magistrate, and that article 5278 of the Revised Statutes of the United States only authorizes requisition to issue and be granted when accompanied by an indictment or an affidavit made *before a magistrate,* charging him with an offense. As the complaint, or affidavit, was made in accordance with the laws of the State of Oklahoma, and is sufficient under their laws to base the prosecution, this defense would be highly technical, but perhaps ought to be sustained, if that was the only affidavit accompanying the application. But upon an inspection of the record it seems that the county attorney of Tillman County foresaw that this contention might be made, and in addition to the affidavit made by McWilliams before the notary public, he, when he applied to the Governor of Oklahoma for requisition papers, attached his affidavit to the application and swore to it before J. L. Davis, who is a *magistrate* under the laws of that State, and swears that he personally knows of the crime charged in the complaint thereto attached, and that said prosecution is a bone fide prosecution and instituted for the sole purpose of prosecuting said defendant. Thus before issuing the requisition the Governor of Oklahoma did have before him an affidavit made before a magistrate charging relator with an offense under the laws of that State, as well as a complaint made before a notary public.

The next assignment complains that the requisition of the Governor of Oklahoma fails to set out all the elements of the offense charged. This requisition recites:

"To His Excellency, the Governor of Texas:

"Whereas, It appears by the annexed application for requisition and other papers which I certify to be authentic and duly authenticated in accordance with the laws of this State, that J. J. Faihtinger stands charged with the crime of selling and disposing of mortgaged property committed in the County of Tillman in this State and it has been represented and satisfactorily shown to me that he has fled from the justice of this State, and has taken refuge in the State of Texas." He certifies that the papers attached are authentic, and that he based his action on such papers. In such papers so attached we find a complaint that does charge the elements of the offense under article 2755, Revised Laws of Oklahoma, and the affidavit of the county attorney made before a magistrate. Therefore, it was not necessary to define the offense in the requisition with that definiteness and particularity required in an indictment or information. Neither was it necessary for the Governor of Texas in granting the requisition to so definitely describe the offense. The statement in the requisition of the Governor of Oklahoma that relator is a fugitive from justice, and the recitation in the proclamation of the Governor of this State that he is a fugitive makes a prima facie case that relator is a fugitive from justice. But were we to go to the facts adduced on the trial, this is amply shown to be true within the legal meaning of that term.

We have carefully read this record and the authorities, and we are of the opinion that the district judge did not err in remanding relator, and the judgment is affirmed.

*Affirmed.*

[Rehearing denied February 18, 1914.—Reporter.]