## Ex Parte J. W. Jones.

### No. 4841.   Decided December 21, 1917.

**1.—Extradition—Fugitive from Justice—Practice on Appeal.**

Where, upon appeal from a judgment remanding relator to custody to be extradicted, the record showed that the appellant in his application for the writ of habeas corpus did not allege that he was not in said county of the demanding State when the alleged crime was committed, nor does the record show such claim, but showed that he offered no testimony from any source on this point, there was nothing in his contention to the contrary.

**2.—Same—Affidavit—Statutes Construed—Fugitive from Justice.**

Where appellant contended that the affidavit in this State was wholly insufficient and charged no offense, but the record showed that it was in strict compliance with the statute and approved precedent, the same was sufficient, and was such as may be filed against a fugitive from justice to support a warrant of arrest thereunder.

**3.—Same—Certificate—Governor of Demanding State.**

Where appellant contended that the certificate of the Governor of the demanding State did not properly authenticate the complaint or affidavit made against him before a justice of the peace in said demanding State, and a warrant of arrest thereunder, but the record showed to the contrary, there was no reversible error.

**4.—Same—Fugitive from Justice—Extradition Warrant—Rule Stated.**

Where appellant contended that a person is not a fugitive from justice, unless he has been in the demanding State, etc., yet where the statement in the requisition of the Governor of the demanding State shows that relator is a fugitive from justice, and the recitation in the proclamation of the Governor upon whom demand is made declares that he is a fugitive from justice, this makes a prima facie case that relator is a fugitive from justice, and the burden is upon him to show that the warrant is not legally issued. Following Ex parte Faihtinger, 72 Texas Crim. Rep., 632, and other cases.

**5.—Same—Rule Stated—Prima Facie Case.**

The evidence must be conclusive, which is introduced by the prisoner, to refute the prima facie case made by the executive.

**6.—Same—Burden of Proof—Extradition.**

The burden of proof is upon the accused to show that he has not been in the demanding State, and was not upon the surrendering State to show that he had been, and it was entirely immaterial that the trial court may have improperly admitted hearsay testimony.

Appeal from the District Court of El Paso.   Tried below before the Hon. W. D. Howe.

Appeal from extradition proceeding remanding relator to custody.

The opinion states the case.

*Hudspeth & Harper,* for relator.—Cited Ex parte Cheatham, 50 Texas Crim. Rep., 51; Ex parte Lewis, 75 Texas Crim. Rep., 320, 170 S. W. Rep., 1098.

On question of insufficiency of complaint: Washington v. State, 41 Texas, 583; Mays v. State, 28 Texas Crim. App., 484; Mathena v.

State, 15 id., 473; Moore v. State, 20 id., 275; Colbert v. State, 1 id., 314; Hurst v. State, 39 Texas Crim. Rep., 196.

On question of want of authentication: Ex parte Cheatham, 50 Texas Crim. Rep., 51, 95 S. W. Rep., 1077; Ex parte Hart, 63 Fed. Rep., 258; Roberts v. Riley, 116 U. S., 95; Ex parte Thornton, 9 Texas, 635; Holliday v. Steele, 65 Texas, 388. ·

On question of extradition warrant as not conclusive evidence: Cooke v. Hart, 146 U. S., 183.

On question of fugitive from justice: State v. Hall, 115 N. C., 811.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant appealed from the judgment of the court below remanding him to the custody of the sheriff to be by him delivered to the officer designated to receive him by the Governor of Arizona.

The facts are, that on November 20, 1917, R. E. Bryant signed and swore to the following affidavit before J. M. Deaver, a justice of the peace of precinct No. 1, El Paso County, Texas, towit:

"I, R. E. Bryant, do solemnly swear that J. W. Jones, alias F. H. Richmond, is a fugitive from justice from the State of Arizona; that the said J. W. Jones, alias F. H. Richmond, on or about the 1st day of Nov., A. D. 1917, in the said State of Arizona, did of his malice aforethought obtain money under false pretenses, and that the said act so committed by the said J. W. Jones, alias F. H. Richmond, was then and is now in violation of the penal law of said State of Arizona; and that the said J. W. Jones, alias F. H. Richmond, has fled from said State of Arizona, where he committed said offense, to this State of Texas, and is now to be found in this, El Paso County, Texas.

"Wherefore I ask that a warrant for his arrest issue forthwith and that he be dealt with as the law in such case provides."

Upon this affidavit said justice issued a warrant for the arrest of appellant, and under it he was duly arrested and held.

On November 22 he made an application to Judge Howe, judge of one of the District Courts of El Paso County, for a writ of habeas corpus, claiming that he was illegally restrained of his liberty by virtue of said affidavit and warrant thereunder. In his application he alleged the Governor of Texas had not theretofore issued any extradition warrant for him. He therein prayed that he be brought before said district judge and discharged from his confinement under said affidavit and writ, averring therein, "but if not entitled to that relief, and the court should be of the opinion that a reasonable time should be allowed the officers of the State of Arizona to see if they can obtain from the Governor of Texas an extradition warrant," that he, in the meantime, be permitted to give bond in a reasonable sum. The record nowhere shows that the district judge fixed or allowed him bond as he prayed

for, nor does the record in any way show that he gave any such bond. But whether this was done or not, he was produced by the proper officer who had him in charge, when the district judge heard the case under said writ of habeas corpus on November 28th.

In the meantime a proper application was made by the Governor of Arizona to the Governor of Texas for the extradition of appellant from Texas to Arizona. Said application for extradition was headed, "State of Arizona, Executive Department," and is as follows:

"The Governor of the State of Arizona to his Excellency, the Governor of the State of Texas.

"Whereas, it appears from the annexed Application District Attorney; Certified Copy Criminal Complaint; Certified Copy Warrant of Arrest; Affidavit of Complaining Witness; Certificate of Clerk of Court, which I certify to be authentic and duly authenticated according to the laws of this State, that J. W. Jones and Victor Clark stand charged with the crime of obtaining money under false pretenses, a felony under the laws of this State, committed in the County of Maricopa, this State; and it having been represented and satisfactorily shown to me that they now are fugitives from justice and have taken refuge in the State of Texas."

Then properly requests, pursuant to the Constitution and laws of the United States, that appellant be apprehended and delivered to Harry DeWinton as agent, who was authorized to receive and convey him to the State of Arizona to be dealt with according to law. To this application was attached a full application by the county attorney of said county of Arizona to the Governor of Arizona for a requisition for appellant, and therein he gives a full statement of the charge against appellant, charging him with obtaining money under false pretenses, a felony, and which he alleges was committed by appellant in said county in Arizona. Also was attached an affidavit of G. P. Nevitt, made before Chas. D. Wheeler, a justice of the peace of East Phoenix precinct, in said county in Arizona, on November 20, 1917, which fully charges the commission by appellant of said offense in said county and State of Arizona. The affidavit is full and complete. And the copy annexed to the Governor's application for extradition is duly certified by said justice of the peace as a true copy of the said affidavit, and also is attached thereto a like duly certified copy of the warrant issued by said justice of the peace on said affidavit for the arrest of appellant. And also attached thereto is the certificate of the clerk of the Superior Court of said county of Arizona, which is certified to be a court of record, certifying that said Wheeler was the officer he purported to be, and that his genuine signature was properly subscribed to said affidavit and warrant; that he was such officer as shown, duly elected, qualified and acting as such, and was duly authorized to make, sign, issue and

file said papers, and certify to their correctness and authenticity, and that all the papers and certificates issued by said Wheeler were genuine and were made in accordance with the laws of Arizona. Also attached to the said application of the Governor was a due appointment by him of said DeWinton as the agent of Arizona to receive appellant and convey him to Arizona to be dealt with according to law.

All these papers were presented to the Governor of Texas, and upon examination and consideration thereof he issued a warrant addressed to all the proper officers of the State, stating that it had been made known to him by the Governor of Arizona that appellant stood charged by proper criminal complaint before the proper authorities with the said crime committed in said State, and that appellant had taken refuge in the State of Texas, and further stating therein, "and whereas, said demand is accompanied by copy of said criminal complaint, warrant of arrest, etc., duly certified as authentic by the Governor of said State" of Arizona. He thereupon commanded in said writ all said officers to arrest said appellant and deliver him when arrested to the said agent of Arizona in order that he may be taken back to Arizona and there dealt with for said crime.

All these papers from Arizona and the Governor thereof, and the warrant issued by the Governor of Texas thereupon are in due form, and in just such form as has all the time been held sufficient by this court.

The original writ by the Governor of Texas and exact copies of all the other papers from Arizona which had been presented to and acted upon by the Governor of Texas were introduced in evidence before said district judge on said habeas corpus hearing. The appellant in his application for a writ of habeas corpus, and to be discharged thereunder, did not allege that he was not in said county of Arizona when said crime, if any, was committed, nor does the whole record anywhere show that he so claimed. The record shows that he offered no testimony from any source showing or tending to show that he was not in said county in Arizona when said crime was committed.

Appellant contends that the affidavit of said Bryant was wholly insufficient and charged no offense, and was a nullity. The said affidavit was in strict compliance with the statute of this State (art. 1091, C. C. P.), and with the forms laid down for such complaint in Willson's Forms (4th ed.), No. 1125. This affidavit or complaint did not purport to be a charge against appellant for any crime. It was merely a complaint which our law provides may be filed against a fugitive so as to obtain legally a warrant for his arrest, and hold him in custody thereunder awaiting a proper extradition of him. Hence this contention is without merit.

His next contention is, that the certificate of the Governor of Arizona did not properly authenticate the complaint or affidavit made by

said Nevitt before said justice of the peace and the warrant for his arrest thereunder. We have copied above the authentication of these documents by the Governor of Arizona in his application to the Governor of Texas for a requisition for appellant. We think it clear therefrom that the Governor does properly authenticate said documents. He enumerates all attached to his application, and says, "which I certify to be authentic and duly authenticated according to the laws of this State." No other reasonable construction could be put upon his language than that he is authenticating, and certifying thereto, the correctness of said documents. The authorities uniformly hold that these documents must be properly authenticated. It is unnecessary to cite them because we regard it as clear and certain that the Governor of Arizona did properly authenticate said documents.

Appellant's only other contention is, in substance, that a person is not a fugitive from justice and can not legally be given up to the demanding State by the State from whom demanded unless he has been in the demanding State, and this must be shown before an extradition warrant can issue.

It is well established in this State, as held by this court in Ex parte McDaniel, 76 Texas Crim. Rep., 188, as follows: "While it is held that the courts may go behind the Governor's warrant, yet it has always been held that the warrant issued by the Governor makes a prima facie case on habeas corpus and the burden is on the defendant to show that the warrant was not legally issued. (White v. State, 39 Texas Crim. Rep., 497; Hibler v. State, 43 Texas, 197; Ex parte Stanley, 25 Texas Crim. App., 372.)" And as also held by this court in Ex parte Faihtinger, 72 Texas Crim. Rep., 632: "The statement in the requisition of the Governor of Oklahoma that relator is a fugitive from justice, and the recitation in the proclamation of the Governor of this State that he is a fugitive, makes a prima facie case that relator is a fugitive from justice."

In discussing this question the Supreme Court of the United States, in Pettibone v. Nichols, 203 U. S., 204, held:

"Upon the Governor of Colorado rested the responsibility of determining, in some proper mode, what the fact was. But he was not obliged to demand proof of such fact by evidence apart from the requisition papers. As those papers showed that the accused was regularly charged by indictment with the crime of murder committed in Idaho, and was a fugitive from its justice, the Governor of Colorado was entitled to accept such papers, coming, as they did, from the Governor of another State, as prima facie sufficient for a warrant of arrest. His failure to require independent proof of the fact that petitioner was a fugitive from justice can not be regarded as an infringement of any right of the petitioner under the Constitution or laws of the United States. Ex parte Reggel, 114 U. S., 642, 652, 29 L. Ed., 250, 253, 254, 5 Sup. Ct. Rep., 1148. In Munsey v. Clough, 196 U. S., 364, 372,

49 L. Ed., 515, 516, 25 Sup. Ct. Rep., 282, this court said that the issuing of a warrant of arrest by the Governor of the surrendering State, 'with or without a recital therein that the person demanded is a fugitive from justice, must be regarded as sufficient to justify the removal, until the presumption in favor of the legality and regularity of the warrant is overthrown by contrary proof in a legal proceeding to review the action of the Governor. Roberts v. Reilly, 116 U. S., 80, 95, 29 L. Ed., 544, 549, 6 Sup. Ct. Rep., 291; Hyatt v. New York, 188 U. S., 691, 47 L. Ed., 657, 23 Sup. Ct. Rep., 456.' See also Re Keller, 36 Fed. Rep., 681, 686."

In 19 Cyc., 94, on this subject, it is said: "The executive who issues a warrant for the arrest of a fugitive must have passed upon two questions: (1) . . . and (2) is he a fugitive from justice from the demanding State? . . . Whether he is a fugitive from justice is a question of fact upon which the opinion of the Governor expressed in the warrant itself is prima facie evidence; which, however, may be rebutted under a writ of habeas corpus by admissions or other conclusive evidence." A large number of cases from the Federal courts and from different States are cited in support of the text. In note 79, page 95, it is said: "Burden of showing he is not a fugitive rests on the prisoner when a proper warrant has issued. State v. Justus, 84 Minn., 237, 87 N. W. Rep., 770, 55 L. R. A., 325; State v. Clough, 71 N. H., 594, 53 Atl. Rep., 1086, 67 L. R. A., 946; Katyuga v. Cosgrove, 67 N. J. L., 213, 50 Atl. Rep., 679.

"Evidence must be conclusive which is introduced by the prisoner to refute the prima facie case made by executive. Hayes v. Palmer, 21 App. Cas. (D. C.), 450."

The warrant by the Governor of Texas was not only for appellant's arrest, but also required he be turned over to the said extradition agent of Arizona, and stated that it had been made known to him by the Governor of Arizona that appellant stood charged by criminal complaint before the proper authorities with said crime "committed in said State, and that the said defendant had taken refuge in the State of Texas," and he thereupon issued his warrant in compliance with the request of the Governor of Arizona. Also the Governor of Arizona in his application to the Governor of Texas for the extradition of appellant specifically stated therein that appellant stood charged with the said crime under the laws of said State, "committed in the County of Maricopa, this State," and that it had been represented and satisfactorily shown to him that he was a fugitive from justice, and had taken refuge in the State of Texas.

Upon these authorities and many others which could be cited, it seems well established that the burden of proof was upon the appellant to show that he had not been in Arizona, and was not upon the State to show that he had been. It would, therefore, be wholly immaterial

that the court might have improperly admitted the testimony of some witness to the effect that he had heard appellant say, in substance, that he had been in or was from said county in Arizona.

The judgment of the lower court on this habeas corpus hearing was, therefore, correct in ordering that appellant be remanded to the custody of the proper officer of El Paso County, Texas, to be by him delivered to the officer designated to receive him by the Governor of Arizona, and the judgment so ordering is affirmed, and is hereby ordered carried out.

Judgment affirmed.

*Affirmed.*