32 N.J. Super. 154 (1954)
108 A.2d 24
JAMES A. FOLEY, PLAINTIFF-APPELLANT,
v.
STATE OF NEW JERSEY AND STATE OF CALIFORNIA, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 13, 1954.
Decided September 22, 1954.
*155 Before Judges EASTWOOD, GOLDMANN and SCHETTINO.
Mr. Frank M. Lario argued the cause for the plaintiff-appellant.
Mr. I.V. DiMartino, Assistant Prosecutor, argued the cause for the defendant-respondent, State of New Jersey (Mr. Mitchell H. Cohen, Camden County Prosecutor, attorney; Mr. Benjamin Asbell, Assistant Prosecutor, on the brief).
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
The plaintiff-appellant, James A. Foley, instituted habeas corpus proceedings in the Camden County Court by which he sought to be discharged from arrest under warrant of rendition issued by the Governor of this State pursuant to requisition of the Governor of California, having been charged in that state with child stealing on or about November 20, 1953, in violation of section 278 of the Penal Code of California. From the judgment of the Camden County Court discharging the writ and directing that the appellant be remanded to the custody of the duly accredited agent of the State of California, the appellant takes this appeal.
On February 24, 1954, upon honoring the requisition of the State of California, the Governor of this State issued a *156 rendition warrant for the arrest of the appellant and his delivery to William A. Miller, the authorized agent to receive and convey him back to the State of California, there to be dealt with according to law. Mr. Foley was apprehended in Camden, New Jersey, on January 28, 1954. He was arraigned before Municipal Judge Benjamin Dzick on January 29, who continued the matter until March 1 and then granted a further continuance until the 15th day of March, on which latter date Judge Dzick referred the matter to the County Court, on the ground that the municipal court did not possess jurisdiction over extradition proceedings.
At a hearing before County Judge Rocco Palese several adjournments were taken. Finally, at the suggestion of Judge Palese, the appellant filed a petition for the issuance of the writ of habeas corpus which was granted, hearing held thereon, and at the conclusion thereof the writ was discharged and the appellant was remanded to the custody of the accredited agent of the State of California.
The appellant contends that the trial court should have considered evidence to determine whether there was probable cause or reasonable grounds for believing that the plaintiff had committed the crime of stealing his own children and as to the motives of the complaining witness; that the affidavit made in the State of California had not been certified as authentic either by the Governor or Chief Magistrate of that state; that the agent of the demanding State of California never appeared in this State; that the evidence in the case disclosed that he was not in California on the date of the alleged crime charged in the affidavit of Mrs. Lawson; and that the extradition proceedings were fatally defective because no demand was ever made by the Governor of California.
As will appear by our discussion of the issues, it is important to quote the pertinent language of the rendition warrant, to wit:
"Whereas, It has been represented to me by his Excellency the Governor of the State of California that James A. Foley stands charged in said State with the crime of child stealing (P.C. 278) *157 committed in the County of Alameda in said State and that he has fled from justice of the State of California and taken refuge in the State of New Jersey, and the said Governor having in pursuance of the Constitution and Laws of the United States, demanded of me that I shall cause the said fugitive to be arrested and delivered to William A. Miller, who is duly authorized to receive and convey him back to the State of California, there to be dealt with according to law;
And Whereas, The said representation and demand is accompanied by the documents required by the Laws of the United States and of this State, which are certified as authentic by the said Governor, and duly authenticated, whereby the said James A. Foley is shown to have been duly charged with the said crime and with having fled from the State of California and taken refuge in this State;
I have decided that the said demand be complied with and I command you and each of you to forthwith arrest the accused if he be found within your territorial jurisdiction, and, after complying with Sections 2A:160-18, 2A:160-19 and 2A:160-20 of the New Jersey Statutes, deliver said accused to William A. Miller the agent of said demanding State, all in accordance with Chapter 160 of Title 2A of the New Jersey Statutes."
In addition to the rendition warrant, the County Court had before it the verified complaint of Doris Lawson made in California, certification thereof, application for requisition, affidavit of Deputy District Attorney of Alameda County, California, certified copy of final judgment of divorce granted Doris Ray Foley in California, awarding custody of the two minor children to Doris Ray Foley, and the appointment by the Governor of California of the agent authorized to take the accused into his custody.
It is firmly established that the return of fugitives from one state to another is a federal and not a state matter governed by the Federal Constitution and the Act of Congress passed pursuant thereto. U.S. Const., Art. IV, Sec. 2; 18 U.S.C.A., c. 209, "Extradition," Title 18, sec. 3182; Uniform Criminal Extradition Law, adopted in New Jersey, N.J.S. 2A:160-6 et seq. In re Cohen, 23 N.J. Super. 209, 214 (App. Div. 1952), affirmed 12 N.J. 362 (1953).
The appellant's contention that the trial court should have considered evidence to determine whether there was probable cause or reasonable grounds for believing that the plaintiff committed the alleged crime, and as to the purpose of the extradition proceedings or the motive of the complaining *158 witness in making the complaint in California against him, is unmeritorious. The appellant argues that the court should have considered evidence as to the circumstances under which the child came into his custody and that "the rule laid down by all of the authorities dictates that such evidence should have been considered," and further, that "the inquiry into the merits of the proceedings should be made by habeas corpus action." The applicable rule is quite to the contrary. In such a proceeding the guilt or innocence of the accused may not be inquired into and if such inquiry into the merits of the charge against the prisoner is made or into the motives which inspired the prosecution of the demanding state, the court exceeds its authority under the statutory provisions regulating the extradition of criminals. The court is strictly limited to consideration of the validity of the extradition proceedings, the accused's identity as to the person named in the requisition and rendition and his status as a fugitive from justice of the demanding state. In re Cohen, supra, and cases cited therein.
The appellant argues at some length that the complaint of his wife made in the State of California had not been certified as authentic and that the Governor of the State of California made no demand upon the Governor of New Jersey for his extradition.
In passing, at the argument of the appeal appellant objected to the court's consideration of the requisition and accompanying papers received by the Governor of New Jersey from the Governor of California, which were included in the State's appendix, but not before the County Court. In this opinion, we are deciding the issues on the record of the proceedings before the County Court and the documentary proofs admitted in evidence.
The rendition warrant specifically stated that the Governor of California had represented to the Governor of this State that James A. Foley stood charged in the State of California of the crime of child stealing (P.C. 278); that he had fled from justice of the State of California, taken refuge in the State of New Jersey, that the Governor had *159 demanded the arrest of the fugitive and delivery to William A. Miller, duly authorized agent of the State of California to receive him and that the representation and demand of the Governor of California "is accompanied by the documents required by the Laws of the United States and of this State, which are certified as authentic by the said Governor, and duly authenticated, whereby the said James A. Foley is shown to have been duly charged with the said crime and with having fled from the State of California and taken refuge in this State." The aforementioned recitals in the rendition warrant are deemed to state the truth in the absence of a contrary showing and when such a warrant is legal and sufficient upon its face, as here, it constitutes prima facie evidence of the facts therein set forth. The accused must assume the burden of overcoming such a prima facie case. In discussing the presumption in favor of the facts stated in the rendition warrant it was held in the case of Katyuga v. Cosgrove, 67 N.J.L. 213 (Sup. Ct. 1901):
"* * * it is settled that it is sufficient to justify the apprehension and removal of the person demanded until the presumption in its favor is overcome by contrary proof, and that the issuance of the warrant, whether it contains a recital of an express finding to that effect or not, is sufficient evidence of such determination. Roberts v. Reilly, 116 U.S. 80, 6 S.Ct. 291, 29 L.Ed. 544. There is no provision that the evidence on which the executive reaches his determination shall be preserved. It is to be presumed that he required such evidence as was necessary to inform him on the subject. Id. Therefore the objection that the affidavit annexed to the requisition in this case, which counsel for the petitioner asks me to assume was the only evidence before the governor of this state was inadequately authenticated, is without force. * * *"
This rule has been consistently and uniformly enunciated not only in this State, but in numerous decisions by the United States Supreme Court and jurisdictions of other states. Vide Ex parte Reggel, 114 U.S. 642, 653, 5 S.Ct. 1148, 29 L.Ed. 250, 254 (1885); Roberts v. Reilly, 116 U.S. 80, 96, 6 S.Ct. 291, 29 L.Ed. 544, 549 (1885); Hyatt v. People of State of New York ex rel. Corkran, 188 U.S. 691, 710, 23 S.Ct. 456, 47 L.Ed. 657, 661 (1903); People of State of Illinois ex rel. *160 McNichols v. Pease, 207 U.S. 100, 28 S.Ct. 58, 52 L.Ed. 121 (1907); State of South Carolina v. Bailey, 289 U.S. 412, 53 S.Ct. 667, 77 L.Ed. 1292 (1933); in the case of Hogan v. O'Neill, 255 U.S. 52, 41 S.Ct. 222, 223, 65 L.Ed. 497, 500 (1920), Mr. Justice Pitney, speaking for the Supreme Court, stated:
"* * * The warrant of arrest issued in compliance with the demand of the governor of Massachusetts shows that he found appellant to be a fugitive; and this conclusion must stand unless clearly overthrown, which appellant has not succeeded in doing. * * *"
See also 81 A.L.R., Extradition, pp. 563-565, where the decisions of the federal and state courts throughout the United States are collated; and note 122 to sec. 3182, Title 18 U.S.C.A., pp. 130-133.
It clearly appears here that the warrant issued by the Governor of the asylum state raises a presumption that the accused named therein stands charged with the alleged crime and is a fugitive from justice. The appellant has failed to rebut or overcome that presumption and, therefore, the County Court properly discharged the writ of habeas corpus and directed his delivery to the agent of the demanding state.
It is the further contention of the appellant  and it is not disputed  that the designated agent for the State of California did not appear within 30 days of Foley's arrest or, in fact, during the pendency of the proceedings in this State. He argues that by reason of the failure of the agent to appear within the said 30 days, it was incumbent upon the court to discharge him. 18 U.S.C.A., sec. 3182, as amended, June 25, 1948, 645, 62 Stat. 822. In support of his contention, the appellant cites the case of In re Normano, 7 F. Supp. 329 (D.C. Mass. 1934), wherein the court construed this provision of the statute as tantamount to a mandate requiring the discharge unless sufficient cause to the contrary is shown. In the instant case, the record is clear as to the reasons for the delay in the appearance of the agent. During practically all of the time that ensued from the inception of the proceedings before Judge Dzick up to the present time, Mr. Foley *161 has been free on bail. If the agent from California had appeared it is obvious that the agent could not have taken physical custody of Mr. Foley. We are inclined to the view that the provision in question contemplates a situation where an accused has been taken into custody on a rendition warrant and no proceedings have been instituted to test the validity thereof. In consequence of which the accused may be taken by the agent of the demanding state at any time within the 30 days after his arrest. If he fails to so appear during the statutory period of time, then under such circumstances it would be unquestionably mandatory upon the court to discharge him. In the instant case we find that there was sufficient cause to refuse to discharge the accused on that ground.
The contention of the appellant that he was not in the State of California on the date alleged is unsupported by the proofs. On the contrary, his presence was not only established by the testimony of his former wife, Doris Lawson, but by his own testimony, when in answer to the question as to when he left the State of California, he replied, "the 21st," and to a further question as to the day he received the child from his wife, he replied, "the 20th." Both dates were referring to the month of November 1953.
The judgment is affirmed.